Dale R. Cockrell
Katherine A. Matic
MOORE, COCKRELL,
GOICOECHEA & JOHNSON, P.C.
145 Commons Loop, Suite 200
P.O. Box 7370
Kalispell, MT 59904-0370
Telephone: (406) 751-6000
Facsimile: (406) 756-6522
Email: dcockrell@mcgalaw.com
       kmatic@mcgalaw.com

*Attorneys for Defendant State Farm Mutual
Automobile Insurance Company and State
Farm Fire and Casualty Company*

# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BUTTE DIVISION

| JORY RUGGIERO, <br><br> Plaintiff, <br><br> v. <br><br> STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY; STATE FARM FIRE AND CASUALTY COMPANY AND JOHN DOES 1 THROUGH 5, <br><br> Defendants. | Cause No. <br><br> **DEFENDANTS STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY AND STATE FARM FIRE AND CASUALTY COMPANY'S NOTICE OF REMOVAL** |
|---|---|

Defendants State Farm Mutual Automobile Insurance Company ("State Farm Auto") and State Farm Fire and Casualty Company ("State Farm Fire") (collectively "State Farm"), pursuant to 28 U.S.C. §§ 1332, 1441 and 1446(b), *et seq.*, hereby remove this action to this Court. The grounds for removal are as follows:

1. Plaintiff filed a Complaint for Damages and Declaratory Relief ("Complaint") against Defendants in the Montana Eighteenth Judicial District Court, Gallatin County, Cause No. DV-18-660A, on June 13, 2018. Defendants were served with the Summons and Complaint in accordance with §§ 33-1-601, 602, and 603, MCA, and the Montana State Auditor's service of process transmittal was dated June 27, 2018.

2. A list of and copies of all process, pleadings and orders served or filed in this action are attached and filed herewith. *See* Exhibit A.

3. Defendants are informed, believe and allege that Jory Ruggiero resides in Gallatin County, Montana, and is a citizen of the State of Montana.

4. State Farm Auto and State Farm Fire are not incorporated in the State of Montana and do not have their principal places of business in Montana. Thus, State Farm Auto and State Farm Fire are not citizens or residents of Montana under 28 U.S.C. § 1332(e)(1).

5. State Farm Auto and State Farm Fire are corporations incorporated in and have their principal place of business located in the State of Illinois. Therefore,

pursuant to 28 U.S.C. §§ 1332(c) and 1441, State Farm Auto and State Farm Fire are deemed to be citizens of the State of Illinois.

6. Based upon the allegations in Plaintiff's Complaint, the amount in controversy in this case exceeds $75,000.

7. In the Complaint, Plaintiff seeks a declaratory judgment as well as alleges that State Farm Auto and State Farm Fire breached an insurance contract and violated the Unfair Trade Practices Act and that Defendants are liable for general and compensatory damages; punitive damages; attorneys' fees; interests and costs. *See* Exhibit A, Complaint, ¶¶ 18, 22, 25, 28, 30, and Prayer, ¶¶ 1-5.

8. Defendants can demonstrate, by a preponderance of the evidence, that the amount in controversy for the claims exceeds the jurisdictional minimum. *See, Singer v. State Farm Mutual Automobile Insurance Company*, 116 F.3d 373 (9th Cir. 1997); *Sanchez v. Monumental Life Insurance Company*, 102 F.3rd 398 (9th Cir. 1996); *Birkenbuel v. N.C.C. Construction Corporation*, 962 F. Supp. 1305 (D. Mont. 1997). Pursuant to established law, State Farm Auto and State Farm Fire need not demonstrate the case value to a certainty. *Id.*

9. Damages for alleged unfair claim practices are difficult to quantify and are typically left to the jury's discretion. *See, e.g., Cartwright v. Equitable Life Assurance Society of the U.S.*, 276 Mont. 1, 914, P.2d 976 (1996); *Dees v. Am. Nat'l Fire Ins. Co.*, 260 Mont. 431, 861 p.2d 141 (1993).

10. Attached as Exhibit B to this Notice of Removal is a compilation of verdicts in Montana bad faith and unfair claims practices actions which indicate that juries can reach verdicts well in excess of the $75,000.00 jurisdictional minimum for the alleged bad faith and unfair claims practices claims. In some of the cited cases, punitive damages were also awarded with the punitive damage awards as high as 40 to 144 times the compensatory awards, even when the compensatory awards were less than $75,000.

11. In the Montana case, *Cavin v. Unum Life Ins. Co. of America*, CV 01-28-M-DWM (D. Mont.), which involved similar claims for relief, U.S. District Court Judge Donald Molloy denied a motion to remand on the basis that plaintiff's claim for punitive damages in an unfair claims practices case satisfies the jurisdictional amount. *See* Exhibit C, March 5, 2001, *Cavin* Order attached hereto.

12. Although Plaintiff states that his compensatory damages do not exceed $75,000, Plaintiff does not state that he will not seek compensatory damages and attorney fees in an amount greater than $75,000. *See* Exhibit A, Complaint, ¶ 18. Moreover, Plaintiff states he will seek punitive damages, but does not state that he when combined with his request for compensatory damages and attorney fees, those total alleged damages will not be, and he will not seek total damages, in an amount greater than $75,000. *See* Exhibit A, Complaint. State Farm alleges and believes that Plaintiff will seek damages in excess of $75,000.00 and even if Plaintiff's

compensatory damages claim is not more than $75,000.00, State Farm alleges that the compensatory and punitive damages together "heighten the potential for a judgment in excess of jurisdictional limits." *See* Ex. C, *Cavin* Order, p. 2. On that basis alone, this case satisfies the amount in controversy requirement for diversity jurisdiction.

13. Moreover, the amount in controversy includes the amount of damages in dispute, as well as attorney's fees, if authorized by statute or contract. *Kroske v. U.S. Bank Corp.*, 432 F.3d 976, 908 (9th Cir. 2005). Plaintiff alleges statutory basis, namely §§ 27-8-101, MCA, and case law bases entitling him to recover attorneys' fees. *See* Exhibit A, Complaint, Prayer, ¶ 3. In the case of *King v. GEICO Ins. Co.*, 2014 WL 1789460, by Order dated May 5, 2014, U.S. Magistrate Judge Richard Anderson awarded plaintiff's counsel $43,727.88 in attorney fees associated with plaintiff's prosecution of his declaratory judgment action which sought damages similar to those sought in this action. Plaintiff's claim for attorney fees further heightens the likelihood that the amount of damages in dispute exceeds jurisdictional limits. Ex. C, p. 2.

14. Plaintiff can avoid removal by utilizing available procedural devices in stating that all of claims and damages have a value of less than $75,000 in a Notice or Statement of Damages and that he will seek no more than $75,000. *See* §§ 25-4-313 and 25-4-314, MCA; *Rollwitz v. Burlington Northern R.R.*, 507 F.Supp. 582,

588 (D. Mont. 1981) (". . . if the plaintiff is to reserve the option of avoiding the federal forum, he must take the initiative and inform the defendant of the amount being sought").

15. While Plaintiff has named John Does 1 through 5 as defendants in this matter, Plaintiff makes no allegations against them in the Complaint. Further, even if allegations had been made against John Does 1 through 5, the citizenship of John Does 1 through 5 is disregarded for determining diversity jurisdiction. Accordingly, the consent of John Does 1 through 5 is not required to effectuate removal because the citizenship of defendants sued under fictitious names shall be disregarded for removal purposes. 28 U.S.C. § 1441(a). Moreover, John Does 1 through 5 are nominal parties who have not been served. A party not served need not be joined in the removal petition. *Salveson v. Western States Bankcard Association, et al.*, 731 F.2d 1423, 1429 (1984).

16. Removal of this case is permitted under 28 U.S.C. § 1441(a) because for purposes of removal, the citizenship of defendants sued under fictitious names shall be disregarded, 28 U.S.C. § 1441(b), based upon complete diversity of citizenship (after the disregard of the fictitiously named plaintiffs), and the fact that the amount in controversy could exceed $75,000.00.

17. Pursuant to 28 U.S.C. § 1441(a), and Rule 1.2(c)(2) of the Rules of Procedure of the United States District Court for the District of Montana ("Local

Rules"), the United States District Court of Montana, Butte Division, has jurisdiction and venue over this action because the Butte Division includes Gallatin County, Montana.

18. This action is a civil action which may be removed by State Farm to the United States District Court for the District of Montana, pursuant to 28 U.S.C. §§ 1332 and 1441. The United States District Court has original jurisdiction over this cause.

19. Pursuant to 28 U.S.C. § 1446(b), this Notice of Removal is timely because it is filed with the Court within thirty days of the date of the Montana State Auditor's letter dated June 27, 2018.

20. Defendants State Farm consent to this removal.

21. Notice of filing of this Notice of Removal has been given to Plaintiff by service of a copy of this Notice of Removal upon Plaintiff's attorney as required by 28 U.S.C. § 1446(d).

22. Within seven (7) days of the filing of this Notice, State Farm will provide a copy of the Notice to the Clerk of District Court of the Montana Eighteenth Judicial District Court, as required by Local Rule 3.3(a).

23. Under the provisions of 28 U.S.C. §§ 1332, 1441, 1446, and other applicable statutes, all of which State Farm has complied with, this cause is

removable to the United States District Court for the District of Montana, Butte Division.

WHEREFORE, Defendants State Farm Auto and State Farm Fire give notice that Cause No. DV-18-660A, formerly pending in the Montana Eighteenth Judicial District Court, has been removed to the United States District Court for Montana.

DATED this 26th day of July, 2018.

>MOORE, COCKRELL,
>GOICOECHEA & JOHNSON, P.C.
>
>s/ Dale R. Cockrell
>Dale R. Cockrell
>Katherine A. Matic
>145 Commons Loop, Suite 200
>P.O. Box 7370
>Kalispell, Montana 59904-0370
>Email: dcockrell@mcgalaw.com
>          kmatic@mcgalaw.com
>
>*Attorneys for Defendant State Farm Mutual Automobile Insurance Company and State Farm Fire and Casualty Company*

# CERTIFICATE OF SERVICE

I, Dale R. Cockrell, of the law firm of MOORE, COCKRELL, GOICOECHEA & JOHNSON, P.C., do hereby certify that on July 26, 2018, I caused to be served the foregoing document in the above matter this date to:

| | |
|---|---|
| 1, 2 | CM/ECF |
| ____ | HAND DELIVERY |
| ____ | MAIL |
| ____ | OVERNIGHT DELIVERY SERVICE |
| ____ | FAX |
| ____ | E-MAIL |

1. Clerk, U.S. District Court

2. Domenic A. Cossi, Esq.
   WESTERN JUSTICE ASSOCIATES, PLLC
   303 West Mendenhall, Suite 1
   Bozeman, Montana 59715
   *Attorneys for Plaintiff*

/s/ Dale R. Cockrell
Dale R. Cockrell